Irene V. Kenney *vs.* Gibsons Incorporated.

JUNE 6, 1952.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'Connell, J. This action of trespass on the case for negligence is before us on plaintiff's sole exception to the ruling of a justice of the superior court sustaining defendant's demurrer to her declaration.

The plaintiff seeks to recover for injuries which she allegedly received December 24, 1949 while upon defendant's premises in the city of Providence as a business invitee. The declaration, after setting out that the defendant corporation owned, controlled and operated certain described premises to which the plaintiff had been invited, and that she at all times was in the exercise of due care while upon said premises at the invitation of the defendant, its servants and agents, then averred that it "became and was the duty of said defendant corporation, by and through its servants and agents *to use reasonable care to keep the aforesaid premises and the appurtenances thereto in a safe condition for the plaintiff,* Irene V. Kenney, while a business guest on

the premises in said defendant corporation's establishment." (italics ours)

The alleged breach of the duty owed to the plaintiff is set forth in the declaration as follows: "Yet, the said defendant corporation, by and through its servants and agents, wholly disregarding its and their duty in the premises *did* then and there *negligently, carelessly and recklessly suffer and permit* its said premises and the appurtenances thereto, used in common by the business guests of said defendant corporation and other persons lawfully and rightfully on said premises and the appurtenances thereto of the defendant corporation, *to be and become and remain in an unsafe and dangerous condition,* and of which said unsafe and dangerous condition the said defendant corporation, by and through its servants and agents, knew or by the exercise of due and reasonable care should have known was and would be in an unsafe and dangerous condition." (italics ours) There is no further specification of the defendant's negligence, nor any statement of plaintiff's inability to give such further specification.

The defendant's demurrer is based on the following grounds: that the declaration does not contain or allege sufficient facts to show a breach of any duty owed by defendant to plaintiff; that the allegations of negligence are too general and indefinite and are insufficient to inform the defendant of what it must defend; that the declaration does not allege sufficient facts to show negligence on the part of the defendant toward the person of the plaintiff; and that the declaration does not state a cause of action.

The defendant contends that the rule of certainty in pleading, both at common law and under the decisions of this court, requires that the alleged negligence must be definitely pointed out, so that the defendant may be fully apprized of what claim he must contend against. In support of this contention it cites *Laporte* v. *Cook,* 20 R. I. 261; *Lee* v. *Reliance Mills Co.,* 21 R. I. 322; *Laforrest* v. *O'Driscoll,* 26 R. I. 547. These cases, all actions of trespass on the

case for negligence, were before this court on demurrers to the declaration.

In the *Laporte* case the first count was held to be bad in that it did not state in what particular respect the defendant was negligent. In the *Lee* case the court held that the rules of pleading require reasonable certainty in the statement of essential facts, to the end that the adverse party may be informed of what he is called upon to meet at the trial, and "to this end the allegations should be as precise and definite as the nature of the case will reasonably permit."

The declaration in the *Laforrest* case alleged that while defendant was *unloading* a consignment of lumber from a car in yards of a railroad company it fell and fatally injured plaintiff's intestate, a general laborer in the employ of the railroad company, who was working near the car. The negligence specifically alleged in the declaration was that the lumber was piled upon the car without being tied, fastened or confined. It was held that the doctrine of "res ipsa loquitur" did not apply; that defendant was not responsible for the manner in which the lumber was piled upon the car when he received it; that his duty was simply to use reasonable care in unloading it; and that the declaration was bad in that it failed to set out wherein the defendant was negligent in *unloading* the car.

We are aware that the rule of certainty in pleading has been necessarily relaxed in highway and collision cases. For a discussion of the extent to which the special exception to the general rule is applied in cases involving collisions on the public highway see *Reichwein* v. *United Electric Rys.*, 68 R. I. 365. Likewise cases involving the doctrine of "res ipsa loquitur" come within the exception. But the general rule still prevails in other cases and will be applied where on special demurrer it appears that the alleged act or acts of negligence do not inform the defendant, as precisely and definitely as the nature of the case will reasonably permit, of what he must be prepared to defend against at the trial.

In the instant case the plaintiff has relied upon a general

averment that it was the duty of the defendant "to use reasonable care to keep the aforesaid premises and the appurtenances thereto in a safe condition for the plaintiff" while she was a business guest on defendant's premises. No specific act in violation of the duty thus generally alleged appears anywhere in the plaintiff's declaration and there is no allegation as to wherein the premises were dangerous. Nor is there any averment that plaintiff is unable to describe the negligence alleged or the condition of the premises with any greater particularity.

Because of such vagueness the defendant would not have reasonably definite notice of what specific act of negligence was to be relied upon and proved at the trial. Thus it would not know whether plaintiff would claim that it was negligent because the floor was covered with oil and grease, or that there was a loose or projecting floor board, or that there was a hole in the floor, or that a trapdoor or cellar door was left open or unguarded, or that the floor and premises were improperly lighted. Any one of these causes, and perhaps many others not herein mentioned, might be advanced by the plaintiff at the trial, if the declaration in the instant case is held to be sufficient, as against a special demurrer. Applying to the instant declaration the general rule set forth in the above cases, we are of the opinion that the trial justice did not err in his ruling sustaining defendant's demurrer thereto.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri,* for plaintiff.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for defendant.